**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 13-4956**

———

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

WILLIAM DEAN CHAPMAN,

       Defendant - Appellant.

———

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:13-cr-00233-GBL-1)

———

Submitted:  June 27, 2014          Decided:  July 11, 2014

———

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———

April E. Fearnley, FEARNLEY LAW PLLC, Vienna, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Chad Golder, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Dean Chapman pleaded guilty pursuant to a plea agreement to one count of wire fraud, in violation of 18 U.S.C. § 1343 (2012). Chapman contends that he did not knowingly and voluntarily waive his right to counsel for the purpose of his motion to withdraw his guilty plea. He further contends that the district court abused its discretion in denying the motion to withdraw the guilty plea. Also, he challenges the court's findings under the Sentencing Guidelines. We affirm in part, and because we will enforce the appeal waiver, dismiss in part.

A defendant may waive his right to counsel so long as the waiver is knowing and voluntary. Johnson v. Zerbst, 304 U.S. 458 (1938). The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding the case, including the background, education, sophistication, experience, the conduct of the accused and the stage of the proceeding. Id. at 464; Iowa v. Tovar, 541 U.S. 77, 88 (2004). In deciding whether the defendant's waiver of counsel was sufficient, an appellate court should examine the entire record. United States v. Singleton, 107 F.3d 1091, 1097 (4th Cir. 1997). This circuit holds that no particular interrogation of the defendant is required, so long as the court warns the defendant of the dangers of self representation so that he makes his

2

choice with his eyes open. United States v. King, 582 F.2d 888, 890 (4th Cir. 1978).

We have reviewed the record, and given the stage of the proceeding, Chapman's educational background and work experience, the district court's familiarity with Chapman's motion to withdraw, there being little risk of complex legal issues and Chapman's knowledge regarding the legal standard for a motion to withdraw a plea and the factors that are considered by the court, we conclude that Chapman's waiver of his right to counsel was knowing and voluntary.

We review the denial of a motion to withdraw the guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports the request to withdraw. Fed. R. Crim. P. 11(d)(2)(B). There are six factors that are considered when determining whether a defendant should be permitted to withdraw the plea. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The factors are whether: (1) the defendant has offered credible evidence that his plea was not knowing or voluntary; (2) the defendant has credibly asserted his legal innocence; (3) there has been a delay between the entering of the plea and the filing of the motion; (4) the defendant has had close assistance of competent counsel; (5) the

3

withdrawal will cause prejudice to the government; and (6) the withdrawal will inconvenience the court and waste judicial resources. Id. Factors One, Two and Four carry the most weight when deciding whether there is a fair and just reason to grant the motion. United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995). Moreover, the key in determining whether a motion to withdraw should be granted is whether the plea hearing was properly conducted under Rule 11. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).

We have reviewed the record, the plea colloquy and the district court's reasons for denying Chapman's motion. We note that Chapman's guilty plea was knowing and voluntary, that he failed to credibly assert his legal innocence, that the delay was inordinate, that at the time of the plea Chapman was assisted by counsel, and that granting the motion would have prejudiced the Government and caused a waste of judicial resources had the Government chosen to proceed to trial. Accordingly, we conclude that the district court did not abuse its discretion in denying the motion.

Chapman's challenge to his sentence is foreclosed by his appeal waiver. Chapman agreed to waive his right to appeal the conviction and "any sentence within the statutory maximum[.]" (Joint Appendix ("J.A.") at 21). Chapman also

acknowledged during the plea colloquy that he was waiving his right to appeal whatever sentence was imposed. (J.A. at 48).

We review the validity of an appellate waiver de novo. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). We "generally will enforce a waiver . . . if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks and alteration omitted). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). "Although the validity of an appeal waiver often depends on the adequacy of the plea colloquy, the issue ultimately is evaluated by reference to the totality of the circumstances," United States v. Davis, 689 F.3d 349, 355 (4th Cir. 2012) (internal quotation marks omitted), such as "the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." Thornsbury, 670 F.3d at 537 (internal quotation marks omitted).

Based on the totality of the circumstances, we conclude that Chapman knowingly and voluntarily waived his right to appeal whatever sentence was imposed and at the Government's

urging, will enforce the waiver.  Thus, we dismiss the appeal from that part of the judgment imposing sentence.

Accordingly, we affirm in part and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>